Michael J. Lampe  #082199
Michael P. Smith  #206927
Matthew D. Owdom  #258779
Law Offices of Michael J. Lampe
108 West Center Avenue
Visalia, California 93291
Telephone:   559-738-5975
Facsimile:   559-738-5644

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GMAC MORTGAGE LLC, a Delaware Limited Liability Company,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CHARLES LIVINGSTON; THE UNITED STATES OF AMERICA; and Does 1 through 50, inclusive,<br><br>　　　　　　Defendants. | Case No. 1:12-cv-01171-GSA<br><br>JUDGMENT |

　　　　Pursuant to the stipulation of Plaintiff GMAC Mortgage LLC, a Delaware Limited Liability Company (*GMAC*) and Defendant United States of America (*IRS*), and Defendant Charles Livingston having been dismissed without prejudice:

///

///

///

///

///

///

———————
JUDGMENT

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that GMAC shall have, hold, and possess an equitable lien in the sum of $216,264.36, from and after February 9, 2009, upon certain real property commonly described as 3811 East Feemster Avenue, Visalia, California, 93292 (*the property*), and more particularly described as follows:

> LOT 32 OF LOS RIOS, UNIT 1, IN THE CITY OF VISALIA, COUNTY OF TULARE, STATE OF CALIFORNIA, ACCORDING TO THE MAP THEREOF RECORDED IN BOOK 35, PAGE 69 OF MAPS, TULARE COUNTY RECORDS.
>
> APN: 101-180-032-000

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that as of February 9, 2009, GMAC's equitable lien in the sum of $216,264.36 has priority over the IRS' interest in the property, and is senior and superior thereto.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that GMAC's equitable lien may be enforced, at GMAC's election, via the following:

**(1) JUDICIAL FORECLOSURE**: IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that GMAC's equitable lien is subject to judicial foreclosure.

The real property as described shall be sold in the manner prescribed by law by the levying officer of Tulare County, California, on proper application for issuance of a writ of sale to the levying officer. Any party to this action may be a purchaser at the sale. GMAC shall be permitted to credit bid the amount of its equitable lien, to wit, the sum of $216,264.36, at said sale. The IRS, as junior lienholder, has the right to pay off GMAC's equitable lien at any time prior to sale hereunder.

If any third party bids at the sale in an amount above the sum of the sum of GMAC's equitable lien, $216,264.36, the levying officer shall deduct the expenses for the levy and sale and shall then pay to GMAC the sum of $216,264.36. If any surplus remains after making those payments, it shall be paid by the levying officer to the IRS, in the amount then owing under the IRS' junior tax lien, with any further surplus paid by the levying officer to GMAC.

GMAC having waived a deficiency judgment, the property shall not be sold subject

to the right of redemption as provided in California Code of Civil Procedure Section 729.010 et seq.

From and after delivery of a Deed by the levying officer to the purchaser at the sale, all defendants, and persons claiming under them or having liens junior to the Trust Deed on the property, and their personal representatives, and all persons claiming to have acquired any estate or interest in the property subsequent to the filing of notice of the pendency of this action with county recorder, are forever barred and foreclosed from all equity of redemption in, and claim to, the property and every part of it.

**(2) NON-JUDICIAL FORECLOSURE**: IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the property is subject to GMAC's equitable lien in the sum of $216,264.36, and GMAC may foreclose, with a credit bid up to $216,264.36, utilizing the power of sale and other provisions in that certain Deed of Trust in favor of GMAC's assignor, recorded as Document No. 2009-0012865 of the Official Records of Tulare County.  The IRS, as junior lienholder, has the right to pay off GMAC's equitable lien at any time prior to sale hereunder.  If any third party bids at the sale in an amount above the sum of the sum of GMAC's equitable lien, $216,264.36, the trustee shall deduct the expenses for the levy and sale and shall then pay to GMAC the sum of $216,264.36.  If any surplus remains after making those payments, it shall be paid by the trustee to the IRS, in the amount then owing under the IRS' junior tax lien, with any further surplus paid by the trustee to GMAC.

**(3) CREDIT BID AT TAX SALE**: IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, in the event the IRS proceeds to tax sale prior to enforcement under option (1) or (2), above, that GMAC shall be permitted to credit bid the amount of its equitable lien, to wit, the sum of $216,264.36, at said sale.  If any third party bids at the sale in an amount above the sum of the sum of GMAC's equitable lien, $216,264.36, the levying officer shall deduct the expenses for the levy and sale and shall then pay to GMAC the sum of $216,264.36.  If any surplus remains after making those payments, it shall be paid by the levying officer to the IRS, in the amount then owing under the IRS'

1  junior tax lien, with any further surplus paid by the levying officer to GMAC.

2

3

4                                            KATHRYN KENEALLY
                                             Assistant Attorney General
5

6  Dated: July 24, 2013              By: /s/ Boris Kukso
                                     BORIS KUKSO
7                                    Trial Attorney, Tax Division
                                     U.S. Department of Justice
8
                                     BENJAMIN B. WAGNER
9                                    United States Attorney
                                     Attorneys for the United States
10

11 Dated: July 24, 2013              /s/ Matthew D. Owdom #258779
                                     LAW OFFICES OF MICHAEL J. LAMPE
12                                   Attorneys for Plaintiff GMAC
                                     By: Matthew D. Owdom
13

14

15

16

17 IT IS SO ORDERED.

18 Dated:   July 25, 2013

19                                           SENIOR DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

JUDGMENT                              4